[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10772

Non-Argument Calendar

_____

FINETA DUMITRU,
MARIO DUMITRU,

                                                    Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-116-452

_____

Before NEWSOM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Fineta Dumitru and her minor son[1] seek review of the Board of Immigration Appeals' ("BIA") final order affirming the immigration judge's ("IJ") denial of asylum and withholding of removal. Dumitru argues that: (1) the BIA and IJ erred in finding that the harm she and her family experienced in Romania did not rise to the level of persecution and that she did not demonstrate a well-founded fear of future persecution; and (2) her former counsel rendered ineffective assistance in the proceedings before the IJ by failing to introduce a report related to country conditions in Romania and before the BIA by failing to file a brief. The government responds that Dumitru's arguments are unexhausted. After thorough review, we dismiss the petition for review.

We review our jurisdiction over a petition for review and other questions of law *de novo*. *Clement v. U.S. Att'y Gen.*, 75 F.4th 1193, 1198 (11th Cir. 2023); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009); *see Santos-Zacaria v. Garland*, 598 U.S. 411, 413, 416–19 (2023) (holding that the exhaustion requirement in immigration cases is a claim-processing rule, not a jurisdictional prerequisite). In considering a petition for review, we

---

[1] Mario Dumitru, one of Fineta Dumitru's sons, is a derivative beneficiary of Fineta's asylum claim but did not file his own application for relief.

"shall decide [a] petition [for review] only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A).

In addition, we review only the BIA's decision, unless the BIA expressly adopted the IJ's decision or agreed with its reasoning. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Consequently, we do not "consider issues that were not reached by the BIA." *Id.* Applying this principle, we've held that we have jurisdiction to review a BIA order that ends a petitioner's removal proceedings without reviewing the merits of the IJ's decision, but in that situation, we cannot review the merits of the IJ's decision when the BIA did not; instead, we may only review the correctness of the BIA's non-merits disposition. *Clement*, 75 F.4th at 1198.

We may review a final order of removal only if a petitioner has exhausted all administrative remedies available as of right. 8 U.S.C. § 1252(d)(1). But even though the exhaustion requirement is a claims-processing rule, rather than a jurisdictional rule, *Santos-Zacaria*, 598 U.S. at 413, 416–19, it is generally applied when it has been asserted by a party, *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). To exhaust a claim, a petitioner must raise the "core issue" before the BIA and "set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016), *overruled on other grounds by Santos-Zacaria*, 598 U.S. at 415 n.2, 419–23 (2023) (quotations omitted). While a petitioner is not required to use "precise legal terminology" or offer well-developed arguments in support of his claims, he must

4                    Opinion of the Court                    24-10772

provide the BIA with sufficient information to enable it to "review and correct any errors below." *Indrawati v. U.S. Att'y. Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotations omitted), *overruled on other grounds by Santos-Zacaria*, 598 U.S. at 415 n.2, 419–23 (2023). "Unadorned, conclusory statements do not satisfy this requirement, and the petitioner must do more than make a passing reference to the issue." *Jeune*, 810 F.3d at 800 (quotations omitted).

Here, we are unable to review Dumitru's challenges to the agency's findings that she failed to demonstrate past persecution or a well-founded fear of future persecution because they are not properly before us. For starters, Dumitru has failed to exhaust the persecution arguments she makes in her brief on appeal. While she included a one-sentence "[u]nadorned, conclusory statement[]" of an argument in her notice of appeal to the BIA, she failed to explain why the IJ allegedly erred in finding no past persecution and did not mention future persecution at all. This statement was insufficient to provide the BIA with meaningful notice and an opportunity to correct the alleged errors she now challenges in this Court. *Id.*; *see Indrawati*, 779 F.3d at 1297. And because the government raises exhaustion here, we can dispose of the petition on this basis alone. *Kemokai*, 83 F.4th at 891.

But, in any event, even if Dumitru had exhausted these issues before the BIA, we are unable to review her arguments concerning past and future persecution because they challenge findings of the IJ that the BIA did not reach. *Gonzalez*, 820 F.3d at 403; *Clement*, 75 F.4th at 1198. Indeed, Dumitru's brief in this Court

argues that the BIA erred in determining that she failed to demonstrate past persecution or a well-founded fear of future persecution. Notably, however, the BIA -- in affirming the IJ's decision -- said only that Dumitru had failed to meaningfully challenge the IJ's dispositive determinations. Thus, because we are limited to reviewing the BIA's decision, we may only review whether the BIA correctly concluded that Dumitru failed to meaningfully challenge the IJ's determinations -- an argument Dumitru has *not* made in her brief to this Court. *Clement*, 75 F.4th at 1198–99. Accordingly, Dumitru's arguments concerning persecution are not properly before us for review, and we dismiss the petition as to this issue.

Similarly, Dumitru's ineffective-assistance-of-counsel claims are not properly before this Court either. It is well established that noncitizens have a right to effective assistance of counsel in removal proceedings. *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1221 (11th Cir. 2003). A noncitizen may raise an ineffective-assistance-of-counsel claim in his appeal to the BIA. *See, e.g., Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 542 (11th Cir. 2011). A noncitizen may also bring a claim of ineffective assistance of counsel before the BIA by moving to reopen his removal order. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273 (11th Cir. 2005).

Under *Matter of Lozada*, a petitioner seeking to establish an ineffective-assistance-of-counsel claim must (1) support the motion to reopen with an affidavit detailing the petitioner's agreement with counsel and describing the ways in which counsel's performance was defective; (2) inform counsel of the ineffective-

assistance claim and provide counsel with an opportunity to respond; and (3) specify that a complaint was filed with the appropriate disciplinary authorities, or, if no complaint was filed, indicate why not. 19 I. & N. Dec. at 639, *overruled in part by Matter of Compean*, 24 I. & N. Dec. 710 (BIA 2009).[2]  We've held that the "BIA does not abuse its discretion by filtering ineffective assistance of counsel claims through the screening requirements of *Lozada*" and requiring at least substantial compliance with them.  *Gbaya*, 342 F.3d at 1223.

In addition to substantially complying with *Lozada*'s procedural requirements, a petitioner must show that counsel's performance was deficient, and that the petitioner was prejudiced by the deficient performance.  *Dakane*, 399 F.3d at 1274. "Where counsel fails to file any appeals brief in the context of an immigration proceeding, effectively depriving an alien of an appellate proceeding entirely, there is a rebuttable presumption of prejudice."  *Id.* at 1274–75; *but see id.* at 1275 (concluding BIA did not err in finding presumption rebutted where petitioner failed to address prejudice and IJ's decision had been based on adverse credibility finding as to crucial issue in case); *see also Lozada*, 19 I. & N. Dec. at 639 (noting that its procedural requirements are needed to evaluate the substance of ineffective-counsel claims, and even where claim is that counsel was ineffective for failing to file a brief, the claimant must

---

[2] To the extent *Matter of Compean*, 24 I. & N. Dec at 727, overruled *Lozada*, we have adopted *Lozada*'s procedural requirements and they remain good law in this Circuit. *See Dakane*, 399 F.3d at 1274; *Gbaya*, 342 F.3d at 1222–23.

address whether "former counsel ever agreed to prepare a brief on appeal or was engaged to undertake that task"). In the criminal context, we've declined to address ineffective-assistance-of-counsel claims on appeal when the record is not sufficiently developed. *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013).

In *Santos-Zacaria*, the Supreme Court held that petitioners are not required by § 1252(d)(1) to seek discretionary administrative review to satisfy the exhaustion requirement. 598 U.S. at 423–31. It explained that § 1252(d)(1) requires exhaustion of remedies "available as of right," and reopening and reconsideration are discretionary, so the statute "does not require a noncitizen to pursue" reopening or reconsideration to exhaust a claim. *Id.* at 424–25. The Supreme Court rejected the government's argument that a motion to reconsider was required to exhaust claims that were not previously presented to the agency. *Id.* at 429 & n.9. There, the petitioner had argued that the BIA's order contained impermissible factfinding, an argument that could not have been raised before the BIA issued its decision. *Id.*

Here, Dumitru failed to exhaust her claim that her prior counsel was ineffective before the IJ, because that claim could have been -- but was not -- raised in her appeal as of right to the BIA. *Alhuay*, 661 F.3d at 542. Moreover, this claim is outside the scope of our review because it rests on the consideration of materials -- including, for example, documents required by *Lozada* to set forth her allegations of ineffective assistance of counsel -- that are not part of the administrative record on which the order of removal is

based.  8 U.S.C. § 1252(b)(4)(A).  Therefore, we dismiss the petition as to that issue.

As for Dumitru's claim that her prior counsel was ineffective *before the BIA*, that issue does not require exhaustion since it could not have been raised except in a discretionary motion to reopen. *See Santos-Zacaria*, 598 U.S. at 429–30 & n.9; *but see id.* at 430 n.10 (declining to "address more generally" the obligation "to present specific issues . . . before the agency").  Nevertheless, this claim is not properly before us.  Unlike the claim in *Santos-Zacaria* -- which concerned an alleged error by the BIA where the facts were evident on the face of the BIA's decision so the record was fully developed -- Dumitru's ineffective assistance claim is an entirely new claim that requires extensive inquiry into facts.  We see nothing in *Santos-Zacaria* that changed the requirement for Dumitru to develop the record of her ineffectiveness claim.  *Cf. Gbaya*, 342 F.3d at 1222 (noting that one purpose of the *Lozada* requirements is to prevent the BIA from having to scour the record searching for possible instances of ineffective assistance of counsel).  Finally, to the extent we construe Dumitru's argument as a challenge to the BIA's failure to grant *sua sponte* relief based on the ineffectiveness of Dumitru's prior counsel, that argument would also fail because the BIA is entitled to deny claims that do not satisfy the procedural requirements of *Lozada*.  *Id.* at 1223.

**PETITION DISMISSED.**